The undersigned respectfully dissents in part from the Opinion and Award of the majority. Plaintiff should be estopped from challenging his average weekly wage as he accepted disability checks from defendants for approximately eight years without dispute.
The law of estoppel applies in workers' compensation cases. Purser v.Heatherlin Properties, 137 N.C. App. 332, 527 S. E. 2d 689 (2000). Under the doctrine of estoppel, a party may not assert a defense that is inconsistent with his prior conduct. Id. at 337, 692. It would be contrary to the principles of equity and morality to permit plaintiff to enjoy the benefits of a transaction while at the same time denying its terms or qualifications. Id.
Defendants in the case sub judice paid temporary total disability benefits to plaintiff at the rate of $66.67 per week from the date of plaintiff's injury in 1997 through March 2005. Plaintiff accepted and enjoyed the benefit of the disability checks from defendants without complaint for approximately eight years. The majority argues that plaintiff should not be held to an erroneous calculation of plaintiff's average weekly wage by defendants. Although plaintiff's average weekly wage may have been erroneously calculated initially on defendants' Form 63, plaintiff made no attempt to correct any error relating to the determination of his average weekly wage until March 29, 2005 despite approximately eight years of opportunity to do so. By plaintiff's accepting the disability payments, plaintiff has accepted the average weekly wage from which his compensation rate for approximately eight years was calculated.
For the foregoing reasons, I respectfully dissent from the majority and believe plaintiff should be estopped from disputing his average weekly wage.
This the ___ day of ___, 2006.
 S/___________________ BUCK LATTIMORE CHAIRMAN